UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATRICK ANTONIO LYNCH, *pro se*,

                    Petitioner,                **SUMMARY ORDER**

      -against-                        07-CR-829 (DLI)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------------------------X
DORA L. IRIZARRY, United States District Judge:

      Patrick Antonio Lynch, a federal prisoner presently confined in Phillipsburg Pennsylvania, filed a *pro se* motion for immediate deportation, which the court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 7, 2008, judgment was entered sentencing petitioner to, *inter alia*, twenty-four months of imprisonment. *United States v. Lynch*, Docket No. 07-CR-829. The motion is denied for the reasons set forth below.

Discussion

      Petitioner moves pursuant to 8 U.S.C. § 1252(h)(2)(a)[1] for immediate deportation alleging that he is eligible for such relief because he pled guilty to a non-violent offense. The Attorney General "is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (II) removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. §1231(a)(4)(B). Thus, it is the Attorney General and not this court who possesses the discretion to grant petitioner the relief he seeks. *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam).

---

[1] Section 1252(h)(2)(a) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and is codified as 8 U.S.C. §1231(a)(4).

Moreover, it is well-settled that petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his sentence. 8 U.S.C. § 1231(a)(4)(D); *Thye*, 109 F.3d at 128; *Ndike v. United States*, No. 08 CV 1211, 2008 WL 4790943, at *1 (E.D.N.Y. Oct. 31, 2008) (denying motion for immediate removal); *Gil v. United States*, No. 07 CV 3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007) (same); *United States v. Munoz-Pulgo*, No. 01 CR 954, 2003 WL 22047210, at *1 (S.D.N.Y. Aug. 29, 2003) (denying motion for immediate deportation); *United States v. Gonzales*, No. 93 CR 1148, 1996 WL 391586, at *1 (E.D.N.Y. June 21, 1996) (same) (citing *Yepes v. United States*, No. 96 CV 2370, slip op. at 4 (E.D.N.Y. May 17, 1996); *Lim v. United States*, No. 96 CV 2369, slip op. (E.D.N.Y. June 12, 1996)).

## Conclusion

Accordingly, petitioner's request for immediate deportation is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to assign a civil docket number to the instant motion (*See* Docket No. 07-cr-829, Docket Entry No. 22), and construe petitioner's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of the Court is further directed to docket this Order, the petition, and respondent's Memorandum of Law in Opposition to the Motion for Immediate Deportation therein, whereupon this Order closes the civil action.

SO ORDERED.

Dated: Brooklyn, NY
      July 8, 2009

                                              _____/s/_____
                                                    DORA L. IRIZARRY
                                             United States District Judge